**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| PRINCE MARIWA [A226-103-748],<br><br>　　　　　Petitioner,<br><br>　　　　　v.<br><br>DAVID MARIN, WARDEN, ADELANTO ICE PROCESSING CENTER; ERNESTO SANTACRUZ, JR., ACTING FIELD OFFICE DIRECTOR, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, ICE LOS ANGELES FIELD OFFICE; TODD M. LYONS, ACTING DIRECTOR, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY; AND PAMELA JO BONDI, ATTORNEY GENERAL,<br><br>　　　　　Respondents. | Case No. 2:26-cv-00030-VBF-PD<br><br>**TEMPORARY RESTRAINING ORDER and**<br><br>**ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

# ORDER

Upon review of the Petitioner's Motion for Temporary Restraining Order, and any response filed by Respondents, the application is **GRANTED.** Pursuant to Rule 65 of the Federal Rules of Civil Procedure and U.S. Dist. Ct., Civil Local Rules, L.R. 65-1, the Court orders as follows:

# TEMPORARY RESTRAINING ORDER

The Court concludes that the Petitioner has met his burden of showing: (1) a likelihood of success on the merits of the Petitioner's claims that the revocation of his conditional release and his detention by the Respondents violates the Due Process Clause of the Fifth Amendment, and was unauthorized by law; (2) the Petitioner is irreparably harmed by his ongoing, unlawful detention in the Respondents' custody; (3) the balance of equities weighs in the Petitioner's favor; and (4) the public interest favors granting the application. Accordingly, a Temporary Restraining Order, pursuant to Fed. R. Civ. P. 65 and the inherent equitable powers of this Court, is warranted.

It is hereby ORDERED that the Respondents are ENJOINED, as follows:

1. The Respondents SHALL immediately release the Petitioner from custody pending these proceedings, and may not re-detain him pending further order of this Court.

2. The United States Department of Homeland Security SHALL NOT impose any additional restrictions on the Petitioner's release from custody, such as bond or electronic monitoring, unless a neutral decisionmaker determines that such conditions of release are necessary at a pre-deprivation hearing. At any such hearing, the Respondents

SHALL bear the burden of establishing, by clear and convincing evidence, that any additional restrictions on the Petitioner's release are necessary to prevent the Petitioner from posing a danger to the community or a risk of flight upon his discharge from federal immigration custody, and the Petitioner SHALL be allowed to have counsel present.

3.  The Respondents are ENJOINED from rearresting or re-detaining the Petitioner without compliance with constitutional safeguards, which include at a minimum, pre-deprivation notice describing the change of circumstances necessitating his rearrest and re-detention, and a timely hearing.  At any such hearing, the Respondents SHALL bear the burden of establishing, by clear and convincing evidence, that the Petitioner poses a danger to the community or a risk of flight, and the Petitioner SHALL be allowed to have counsel present.

4.  No security shall be required.

**No later than Friday, January 30, 2026, the respondents SHALL FILE a response showing cause why this Court should not issue a preliminary injunction as requested by petitioner.**

**No later than Monday, February 2, 2026, petitioner MAY FILE a reply brief.**

**IT IS SO ORDERED.**

Date:  January 26, 2026

*Valerie Baker Fairbank*
The Hon. VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE